UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cr-90-01 (B/F) |
| ) | |
| JAMES GROSSNICKLE, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on May 19, 2009, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on May 15, 2009, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

Proceedings were held on May 26, 2009 and September 15, 2009, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*. At the proceedings on May 26, 2009, Mr. Grossnickle appeared in person with his appointed counsel, Larry Champion; the government appeared by Joe Vaughn, Assistant United States Attorney; and U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Larry Champion was present and appointed by the Court to represent Mr. Grossnickle in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition was provided to Mr. Grossnickle and his counsel who informed the Court that they had read and understood the specifications of the violations charged therein and waived further reading thereof.

3. Mr. Grossnickle was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition to Revoke Supervised Release.

4. That Mr. Grossnickle would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Grossnickle had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Grossnickle had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on May 19, 2009.

7. Mr. Grossnickle stated his readiness to proceed with the preliminary hearing regarding the Petition now under consideration. Ms. Dougherty testified and was cross-examined at the preliminary hearing. The defendant presented no evidence and both parties submitted on the evidence before the Court. The Court took judicial notice of the Petition to revoke defendant's supervised release and all other pleadings and papers in the clerk's file.

The Court found there was a basis in fact to hold the defendant for a revocation hearing.

8. The defendant and his counsel stated they were ready to proceed with the revocation hearing. The Court took judicial knowledge of all prior proceedings.

The government called Ms. Dougherty, who testified at the revocation hearing. She was cross-examined. Defendant was called and made a statement under oath. Joe Vaughn cross-examined the defendant. The parties were heard and the Court found that defendant violated the condition of supervised release as stated in the Petition filed May 15, 2009, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of up to four months at a community corrections center (the Volunteers of America) as directed by the probation officer and shall observe the rules of that facility."** |
| | **"The defendant shall follow the instructions of the probation officer."** |
| | On May 1, 2009, the offender was released from the Bureau of Prisons at CI Allenwood, was placed on a bus to Indianapolis, Indiana, and was due to arrive in Indianapolis on May 2,, 2009. The offender was given instructions by Bureau of Prisons staff to report to Volunteers of America to serve a four-month placement, which was a condition of his supervised release. The offender failed to report to Volunteers of America. The offender reported to the U. S. Probation Office on May 4, 2009, at approximately 2:10 p.m., and was directed to report to Volunteers of America within one hour. He failed to report and his present whereabouts are unknown. |

The Court then heard the defendant, his counsel, counsel for the government and the United States Parole and Probation officer and on its own motion, found reasonable cause to believe that the defendant might presently be suffering from a mental disease or defect, rendering him mentally incompetent. The Court found that defendant's medical history and current medical complaints

required evaluation and diagnosis at a facility where his proper medical care could be adequately affected.

The Court found that the U. S. Medical Centers for Federal Prisoners are proper places for the evaluation, diagnosis and treatment if appropriate, of any medical and/or mental disorders which Mr. Grossnickle was suffering or was currently complaining.

Accordingly, the Court committed the defendant to the custody of the Attorney General of the United States or his designee for an examination pursuant to 18 U.S.C. §4241, *et seq*.

The Court was then adjourned, pending disposition, and the defendant was transferred to the Federal Correctional Institution at Butner, North Carolina, for all necessary physical and mental examinations and/or treatment of any physical or mental diseases or sicknesses which could be diagnosed during the examinations, evaluations and testing necessary to comply with the orders of the Court. The Court held in abeyance disposition of the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on May 15, 2009.

9. On August 18, 2009, this Court received a transmittal letter and a 13-page forensic evaluation of the defendant from the Federal Correctional Institution at Butner, North Carolina.

10. The defendant was returned to the Southern District of Indiana for disposition of any determination of Mr. Grossnickle's competency and for disposition of the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on May 15, 2009.

On September 15, 2009, the defendant appeared in person and with his court-appointed counsel, Larry Champion; and the government appeared by Joe Vaughn, Assistant United States Attorney. United States Parole and Probation appeared by Bob Akers, United States Parole and Probation officer, for Chris Dougherty, United States Parole and Probation officer. The following proceedings occurred:

The Court took judicial notice of all papers and pleadings in the clerk's file and considered those proceedings necessary to dispose of the pending Title 18 U.S.C. §§4241 and 4247 Motion. *See,* Order of Disposition After Mental Evaluation, Pursuant to Title 18 U.S.C. §§4241 and 4247, Et. Seq.

Counsel for the parties further stipulated the following:

1) Mr. Grossnickle has a relevant criminal history category of IV. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Grossnickle constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Grossnickle is 6-12 months.[1]

4) The parties did not agree as to the appropriate disposition of the case.

1. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above conditions.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, James Grossnickle, violated the above-delineated conditions in the Petition.

---

[1] The unserved four month term of community confinement could also be added pursuant to sub-section 7B1.3(d).

Mr. Grossnickle's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of one year and one day. It is recommended that Mr. Grossnickle serve his sentence at the Federal Correctional Institution at Butner, North Carolina.  It is also recommended that defendant be subject to the Bureau of Prisons' mental health care and/or counseling, as appropriate.   At the conclusion of Mr. Grossnickle's term of confinement, he will not be subject to supervised release.

The Magistrate Judge requests that Robert Akers, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Grossnickle stipulated in open Court waiver of the following:

> 1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  You shall have within ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.   If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will

make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Grossnickle's supervised release and imposing a sentence of imprisonment of one year and one day in the custody of the Attorney General or his designee. It is recommended that Mr. Grossnickle serve the one year and one day incarceration at the Federal Correctional Institution at Butner, North Carolina. It is also recommended that defendant be subject to the Bureau of Prisons' mental health care and/or counseling, as appropriate. Upon Mr. Grossnickle's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED** this 17th day of September, 2009.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Joe Vaughn,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Larry Champion,
Stewart & Irwin
251 E. Ohio Street, #1100
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service